Jason Harrow
(Cal. Bar No. 308560)
Gerstein Harrow LLP
3243B S. La Cienega Blvd.
Los Angeles, CA 90016
jason@gerstein-harrow.com
(323) 744-5293

Charles Gerstein
(*Pro hac vice application forthcoming*)
Gerstein Harrow LLP
611 Pennsylvania Ave SE, No. 317
Washington, DC 20003
charlie@gerstein-harrow.com
(202) 670-4809

Chris Williams
Sheila Maddali
Ryan H. Nelson (appearing *pro hac vice*)
National Legal Advocacy Network
1 N LaSalle St., Suite 1275
Chicago, IL 60602

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ONE FAIR WAGE, INC.,<br><br>  Plaintiff,<br><br>vs.<br><br>DARDEN RESTAURANTS, INC.,<br><br>  Defendant. | Case No. 3:21-cv-2695<br>The Hon. Edward M. Chen<br><br>**PLAINTIFF'S PROPOSED SURREPLY BRIEF**<br><br>[*Filed concurrently with Plaintiff's Application for Leave to File a Surreply Brief and Proposed Order*]<br><br>Hearing Date: August 26, 2021<br><br>Time: 1:30 p.m.<br><br>Ctrm.: G – 15th Floor<br><br>Complaint Filed: April 15, 2021 |

Plaintiff One Fair Wage, Inc. ("OFW") files this short Surreply Brief exclusively to address arguments and evidence first raised by Defendant Darden Restaurants, Inc. in its Consolidated Reply Brief in Support of its Motions to Dismiss. (ECF No. 22); *see, e.g., GT Nexus, Inc. v. Inttra, Inc.*, No. 11-cv-2145, 2014 WL 3373088, at *1 (N.D. Cal. July 9, 2014) (granting leave to file sur-reply where the "reply brief contains new legal argument and new evidence").

## I. THIS COURT SHOULD NOT CONSIDER DARDEN'S TWO NEW ARGUMENTS AND NEWLY-SUBMITTED EVIDENCE.

Darden's Reply makes two new legal arguments and supports them with a request for judicial notice containing two new pieces of supposed evidence. (ECF No. 23.) This Court should not consider the arguments or the related evidence, because "arguments raised for the first time in a reply brief are waived." *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (citation omitted); *see also Pham v. Fin. Indus. Regul. Auth. Inc.*, No. 12-cv-6374, 2013 WL 1320635, at *1 (N.D. Cal. Apr. 1, 2013) ("[T]hese arguments—raised for the first time on reply—have been waived."), *aff'd sub nom. Huy Pham v. Fin. Indus. Regul. Auth., Inc.*, 589 F. App'x 345 (9th Cir. 2014). Both arguments appear in the section regarding Darden's (meritless) contention that this Court lacks personal jurisdiction over it in this case.

*First*, directly contradicting plausible allegations in the Complaint, Darden contends for the first time that OFW's principal place of business—according to Darden, its "nerve center"—is allegedly not in California, so OFW could not have felt an injury in California. Darden then claims that this means this Court cannot exercise specific jurisdiction over Darden. (ECF No. 22 at 8–9.) None of Darden's original motions to dismiss dispute the location of OFW's principal place of business; they do not use the phrase "nerve center"; and they do not cite *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), and other related cases discussed extensively in Darden's Reply. (*Compare* ECF No. 22 at 8–9 *with* ECF No. 15 at 3–6.) Rather, this novel argument

changes Darden's personal jurisdiction argument entirely: whereas the original (and meritless) argument for dismissal was premised on Darden's conduct and activities in California (ECF No. 15 at 4–5), this new argument seeks to place in issue the site of OFW's injury (ECF No. 22 at 8). What is more, in support of this novel argument, Darden has replaced jurisdictional discovery with a request to have this Court consider two pages of evidence supposedly subject to judicial notice. Darden has not explained why this Court should consider evidence that does not respond to Plaintiff's opposition but is brought to the Court's attention for the first time on reply. This Court should not consider the new evidence or argument.

*Second*, Darden argues for the first time in a footnote that, because OFW allegedly failed to register to do business in California, a California statute that applies to lawsuits based on intrastate conduct brought in California courts prohibits this federal-court action. (ECF No. 22 at 9 n.4.) None of Darden's motions to dismiss make this argument or even cite the relevant provision, Corporations Code § 2203(c). (*See* ECF Nos. 15–17.) Once again, Darden has not offered any argument for how this contention may be pressed for the first time on reply. This argument too is waived.

## II. DARDEN'S WAIVED ARGUMENTS ARE WRONG.

Because the Court might address these waived arguments (though it should not), OFW briefly explains why they are both wrong. OFW ought to be permitted a more fulsome response if this Court determines that these waived arguments demand further consideration. *See GT Nexus*, 2014 WL 3373088, at *1 (N.D. Cal. July 9, 2014) (noting that parties should be given a chance to respond before new arguments are even considered).

*First*, Darden's attempt to dispute where OFW directs its operations (and, according to Darden, where OFW was allegedly injured) ignores OFW's uncontested, plausible allegation—which this Court assumes to be true at this stage—that OFW's

"President . . . works for One Fair Wage in, and directs One Fair Wage's actions from, Oakland, California." (Compl. ¶ 68.) Darden has cited no authority for the proposition that the location where a small non-profit's President and Founder directs operations cannot possibly be the non-profit's "nerve center." Anyway, Darden's last-minute attempt to submit two pages of evidence to contest the Complaint's allegations is inappropriate. At this early stage, "plaintiffs, in opposing the motion to dismiss, [are] only required to make . . . a *prima facie* showing that personal jurisdiction [is] proper." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1319 (9th Cir. 1998). Darden may introduce evidence and contest the issue later on, because "plaintiffs [bear] the heavier burden of prevailing on the jurisdictional issue by a preponderance of the evidence if the issue [is] contested at trial." *Id.* What Darden may not do is leapfrog over discovery and override allegations in the Complaint with two pages of reply evidence.

*Second*, Darden contends that OFW cannot maintain this federal-court action because "[c]orporations that fail to register in California forfeit . . . the right to maintain a lawsuit in the state relating to business activities in California." (ECF No. 22 at 9 n.4 (citing Cal. Corp. Code §§ 2105, 2203).) This argument is frivolous. Section 2203(c) applies only to actions in "any court of this state"—that is, in California state courts—and that California statute may not limit federal courts' jurisdiction. *See Memry Corp. v. Kentucky Oil Tech., N.V.*, No. 04-cv-3843, 2007 WL 3288890, at *3 (N.D. Cal. Nov. 5, 2007) ("[T]he right to sue in federal court on a right that arises under a federal statute is not contingent on compliance with California law for doing business in California."); *Kaisha v. Dodson*, No. 08-cv-0225, 2008 WL 3398778, at *4 (N.D. Cal. Aug. 11, 2008) ("Because [plaintiff's] claim arises under [federal law] and the Court has jurisdiction under those laws . . . the state licensing requirements [of § 2203] cannot prevent [plaintiff] from suing in federal court.") Darden fails to mention this major problem, and instead tellingly cites only a

California state case in support of dismissal. In any event, the statute also requires that a covered case be a proceeding "upon *intrastate business*," *id.* § 2203(c) (emphasis added), and Darden cannot and does not argue that this is such a proceeding. Section 2203 is thus no bar to this action.

## CONCLUSION

This Court should deem Darden's arguments raised for the first time on Reply waived or, if it addresses them, should find that they lack merit.

Respectfully submitted,

*/s/ Jason Harrow*
Jason Harrow
(Cal. Bar No. 308560)
Gerstein Harrow LLP
3243B S. La Cienega Blvd.
Los Angeles, CA 90016
jason@gerstein-harrow.com
(323) 744-5293

Charles Gerstein
(*Pro hac vice application forthcoming*)
Gerstein Harrow LLP
611 Pennsylvania Ave SE, No. 317
Washington, DC 20003
charlie@gerstein-harrow.com
(202) 670-4809

Chris Williams
Sheila Maddali
Ryan H. Nelson (appearing *pro hac vice*)
National Legal Advocacy Network
1 N LaSalle St., Suite 1275
Chicago, IL 60602

*Attorneys for Plaintiff*