## Consent to short surreply

Me to Chris, Yesenia, Cindy, Charlie & rnelson@stcl.edu                                    AUG 11

Dear Chris, Yesenia, and Cindy-

As you are aware, you filed a reply brief yesterday that raised two new arguments. One new argument puts in issue OFW's principal place of business for purposes of personal jurisdiction, and the other claims that OFW may not maintain this suit because it did not properly register with the California Secretary of State. These arguments both rely on newly-filed reply evidence.

We plan to request leave to file a short—that is, less than 5 page—surreply to address these two novel arguments only. Please let us know your position on our request, so that we may represent it to the Court in our filing.

I'd hope you'd give us the professional courtesy of not opposing this request. Whatever the merits of the arguments themselves, there is no colorable contention that the arguments aren't novel. You introduced new evidence; cited new cases (*Hertz*) and statutes (§ 2203); and you used key legal phrases like "nerve center" for the first time. A surreply is thus entirely appropriate. *See, e.g., Banks v. Cty. of San Mateo*, No. 16-cv-4455, 2017 WL 3434113, at *1 n.3 (N.D. Cal. Aug. 10, 2017) (granting leave to file surreply to address new arguments on reply); *GT Nexus, Inc. v. Inttra, Inc.*, No. 11-cv-2145, 2014 WL 3373088, at *1 (N.D. Cal. July 9, 2014) (same).

Given how clear this issue is, we see no reason for you to oppose our request other than to delay or obfuscate. If you nevertheless choose to oppose, please give us an explanation as to why, and we will include this entire email exchange for the Court to see as it evaluates the request.

Please respond as soon as possible so that we get these on file. Oral argument is fast approaching.

Thank you.

Best,
Jason

Chris to Me, Charlie, rnelson@stcl.edu, Cindy, Yesenia & Marjorie                    9:57 AM

Jason,

As you know, in our moving papers we argued that this Court lacks personal jurisdiction because it is not apparent from the Complaint that anything related to OFW's claims occurred in California, and OFW merely claiming that two of its employees worked in California is not enough for it to establish a legitimate interest in the forum.  (ECF No. 15 pp. 4:19-5:13; 6:17-19.)

In Opposition, OFW argued that its claims against Darden do have a legitimate connection to California purportedly because OFW suffered an injury in California due to two of its employees expending a significant amount of time working in California.  (ECF No. 18 pp. 6:17-24; 9:14-22.)

In Reply, we responded to the above-referenced argument that OFW made in Opposition by stating that OFW fails to appreciate that a corporation's injury is felt at the corporation's principal place of business, not where any individual employee performs work, and that OFW did not satisfy its *prima facie* burden of stating sufficient facts in the Complaint for the Court to accept its threadbare legal conclusion that its principal place of business is in California.  (ECF No. 22 pp. 8:6-9:3; 10:21-24.)  To reconfirm the conclusion pertaining to the Complaint's deficiencies regarding OFW's contention that its principal place of business is in California we filed an RJN that shows that OFW does not identify itself with a contact address located in California and OFW is not publically listed as registered to do business in California.  We dropped a footnote to mention that the latter implicates an independent reason for dismissal but we did <u>not</u> request that this Court dismiss the action on this ground either in our Reply or in any of our Proposed Orders.  *Aniel v. Litton Loan Servicing, LP*, 2011 WL 635258, at *2, fn. 4 (N.D. Cal. Feb. 11, 2011) (holding that courts are to deny a request for a surreply as unnecessary when it seeks to address supposed "new issues" that are not germane to Court's resolution of the motion).

In short, the series of events described above are common in everyday motion practice: point, rebuttal, response to rebuttal.  And case law is clear: a surreply is not allowed just because a party takes issue with the fact that a reply brief responds to an argument made in an opposition brief.  *Applied Materials, Inc. v. Demaray LLC*, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) (denying request for sur-reply and stating that "evidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief.").

Accordingly, we will not consent for OFW to have leave to file a surreply as there is no legal basis to support such a request.

Chris Braham