UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONE FAIR WAGE, INC., <br><br>  Plaintiff, <br><br> v. <br><br> DARDEN RESTAURANTS INC., <br><br>  Defendant. | Case No. 21-cv-02695-EMC <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** <br><br> Docket No. 65 |

Currently pending before the Court is a motion for leave to file a motion for reconsideration filed by Plaintiff One Fair Wage, Inc. ("OFW"). Having considered the parties' briefs, the Court hereby finds the matter suitable for resolution without oral argument. OFW's motion is **DENIED**. It has filed to satisfy any of the requirements of Civil Local Rule 7-9(b). For example:

- OFW argues that there is a material difference in law compared to what was presented to the Court before it issued its order on statutory standing. *See* Civ. L.R. 7-9(b)(1). OFW cites to (1) a case, *see McGhee v. Healthcare Servs. Group*, No. 5:10-cv-279-RS-EMT, 2011 U.S. Dist. LEXIS 126886 (N.D. Fla. Nov. 2, 2011), and (2) legislative history for Title VII. OFW has failed to show that it could not have, in the exercise of reasonable diligence, discovered these authorities earlier. Denial of the motion is warranted on this ground alone. Even if the Court were to consider the merits, *McGhee* is distinguishable because, there, the plaintiff suffered a direct harm (retaliation) whereas here OFW's injury is essentially derivative of the Darden employees who were directly harmed. As for the legislative history,

there is no indication that the New Deal statutes and Title VII should be deemed statutes dealing with similar subjects for purposes of statutory interpretation. In addition to the substantial separation in time (decades) between the legislation, the subject matters of the respective legislation differ.

- According to OFW, there are new material facts that did not exist at the time of the Court's prior order on statutory standing, *see* Civ. L.R. 7-9(b)(2) – *i.e.*, that not only Darden employees but also OFW itself suffers harm as a result of Darden's discrimination. Here, OFW is trying to force a square peg in a round hole. The Court has never been under the impression that OFW was not claiming harm as a result of Darden's actions. There are no new material facts here.

- Finally, OFW argues that the Court failed to consider two dispositive legal arguments in its prior order on statutory standing, *see* Civ. L.R. 7-9(b)(3): (1) OFW has statutory standing because it and Darden employees "at least arguably shar[e] the same interest – an interest in employment non-discrimination"; and (2) OFW's "statutory standing is compelled by [the text of] 42 U.S.C. § 2000e(a), a statute the Court declined to cite at all, let alone explain why its text ought to be ignored." Mot. at 13, 15 (emphasis in original). Neither argument is compelling. Whether a person/entity may have an interest aligned with someone else does not establish that the person/entity is within the zone of interest of Title VII; the question here is whether Title VII was intended to permit a person/entity (OFW) to raise the rights of others (Darden employees) who are the ones who suffer the direct harm. The second argument lacks merit because the Court correctly noted that, under Title VII, 42 U.S.C. § 2000e-5, a plaintiff must be "a person claiming to be aggrieved" in order to have statutory standing. *See* Docket No. 30 (Order at 24) (stating that, "[t]o have standing to bring such an action the plaintiff must be 'a person claiming to be aggrieved . . . ' under 42 U.S.C. § 2000e-5"); *Waters v. Heublein, Inc.*, 547 F.2d 466, 469 (9th Cir. 1976) (stating that, "[w]hether [plaintiff] has standing to sue to enjoin discrimination against groups to which she does not belong depends on

whether she is a 'person claiming to be aggrieved' by such discrimination"; citing 42 U.S.C. § 2000e-5(b) in support). That the Court did not specifically refer to the definition of "person" in § 2000e(a) is not material. While 42 U.S.C. § 2000e(a) provides that "[t]he term 'person' includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, United States Code, or receivers," the Court's analysis on statutory standing did not hinge on OFW being an entity instead of an individual. Rather, it was based on the collateral nature of OFW's asserted harm that was not a direct injury resulting from the alleged discriminatory policies (and thus being outside the protected zone of interest).

Because the Court is denying OFW's motion, the Court directs the Clerk of the Court to enter a final judgment and close the file in the case.

This order disposes of Docket No. 65.

**IT IS SO ORDERED**.

Dated: April 24, 2024

_____
EDWARD M. CHEN
United States District Judge